UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HUGO SOSA,

                               Petitioner,

        v.

UNITED STATES OF AMERICA,

                               Respondent.

Criminal Action No. 3:08-CR-305
Civil Action No. 3:09-CV-356

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Hugo Sosa's Petition Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

(Doc. No. 36.) Petitioner requests that the Court resentence him because (1) the Court did

not properly consider the 18 U.S.C. § 3553(a) factors and (2) his status as a deportable alien

has resulted in him being treated differently than other inmates. The Government moves the

Court to dismiss the Petition. For the reasons stated below, the Court DISMISSES the

Petition without an evidentiary hearing and DENIES a certificate of appealability.

## I.      FACTUAL AND PROCEDURAL HISTORY

Petitioner was charged in a criminal complaint January 30, 2008, with Possession with

Intent to Distribute 500 Grams or More of Cocaine Hydrochloride. He pled guilty to a one-

count criminal information charging him with Conspiracy to Distribute More Than Five

Kilograms of Cocaine Hydrochloride. Petitioner agreed in the Statement of Facts to

conspiring to distribute between fifteen and fifty kilograms of cocaine hydrochloride.

1

Petitioner's presentence report calculated a total offense level of 29. His base offense level was 34, but he received a two point safety valve reduction and a three point reduction for acceptance of responsibility. At Petitioner's September 29, 2008, sentencing hearing, however, the Government advised the Court that Petitioner had not been truthful and should be denied the reductions. The day after Petitioner was arrested, officers arrested another man who informed officers Petitioner was his supplier. Petitioner did not tell investigators about the man until asked about him on sentencing day, despite his earlier promise to be completely honest with respect to his drug dealing activities.

The Government also recounted an incident involving Israel Guevara-Garcia, Petitioner's supplier. Guevara-Garcia had twelve kilograms of cocaine to sell the day he was arrested. Officers observed Petitioner's car at Guevara-Garcia's house the same day. After arresting Guevara-Garcia, officers executed a search warrant and recovered nine kilograms of cocaine. Guevara-Garcia admitted to fronting three kilograms of cocaine to Petitioner prior to the search and four kilograms the previous evening. Thus, Petitioner owed him for seven kilograms of cocaine. During his debrief with a detective, however, Petitioner claimed he did not owe Guevara-Garcia for seven kilograms of cocaine and did not pick up three kilograms before officers searched the house. Instead, Petitioner claimed he picked up and owed money for two kilograms. While in jail, Guevara-Garcia wrote a letter to Petitioner asking for more than $ 100,000 for seven kilograms of cocaine. Petitioner wrote back and said he did not have the money because he gave it to a man named Wilbur Matta.

When investigators asked Petitioner about the money owed Guevara-Garcia, Petitioner claimed he gave all the money to Matta and did not know where it was. On

sentencing day, however, Petitioner told investigators he owed Guevara-Garcia $ 42,000 for two kilograms. He said he gave half that amount to Matta, $ 12,000 to his co-defendant Oscar Ayala-Puente, and had $ 10,000 on his person when he was arrested. Thus, Petitioner changed his story between the debriefings. The Government also stated at sentencing that Petitioner pled guilty to conspiring to distribute between fifteen and fifty kilograms of cocaine, yet he told investigators he received between five and seven kilograms from Guevara-Garcia. As a result of this information, the Court denied the acceptance of responsibility and safety valve credit and sentenced Petitioner to 121 months.

## II. LEGAL STANDARD

Title 28 of the United States Code, section 2255, provides a prisoner sentenced by a federal court with a procedural vehicle to challenge the constitutional and jurisdictional validity of his sentence. A prisoner in federal custody may attack his sentence on grounds that: (1) the sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail under § 2255, the movant must show by a preponderance of the evidence that he is entitled to relief. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III. DISCUSSION

Petitioner sets forth two grounds for relief: (1) the Court did not properly consider the § 3553(a) factors in sentencing him, and (2) his status as a deportable alien has resulted in him being treated differently than other inmates.

a. <u>Claim One: The Court's Consideration of the 18 U.S.C. § 3553(a) Factors</u>

Petitioner cites <u>United States v. Booker</u>, 543 U.S. 220, 259 (2005), for the proposition that district courts must consider all factors listed in 18 U.S.C. § 3553(a) before imposing a sentence. Petitioner claims the Court did not take into account the § 3553(a) factors before imposing his sentence. He thus believes the Court should resentence him to seventy-eight months. Petitioner thinks seventy-eight months is appropriate because he was not given acceptance of responsibility or safety valve credit; he will be deported after incarceration; he was a first-time, nonviolent offender; and the sentence would be sufficient but not greater than necessary to satisfy the § 3553(a) factors.

Petitioner next contends district courts are required to address every non-frivolous argument presented at sentencing. Petitioner stated at sentencing

> It is just for one be given an opportunity for something. I am not an assassin criminal for me to be given that much time. They did not find any firearms, they didn't find anything on me. For them to give me that much time as they are telling me, I have told them what is, what I know, correctly. But they don't want to believe it because they are listening to what they are being told by other persons. And what those persons are saying are lies to help themselves. So I ask that I be pardoned for the offense that I committed and that I be forgiven and given an opportunity. That's all I have to say.

Gov't Ex. A, p. 18.

Petitioner maintains this was a non-frivolous argument the Court failed to consider prior to imposing his sentence. Consequently, Petitioner believes his sentence is unlawful.

The Government argues Petitioner's claim is not cognizable on collateral review and, if considered on the merits, should still fail. Petitioner's claim goes only goes to the Court's application of the sentencing factors and does not allege a constitutional violation. "A habeas claim that does not attack the constitutionality of a sentencing, or a court's

4

jurisdiction to impose the sentence is cognizable under § 2255 only if the violation

constitutes 'a complete miscarriage of justice.'" Stewart v. United States, No. 2:04-CR-193,

2006 WL 2076767, at *4 (E.D. Va. July 21, 2006) (quoting United States v. Addonizio, 442

U.S. 178, 185 (1979)). Because a misapplication of the guidelines does not constitute a

miscarriage of justice, United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999), the

Government concludes Petitioner's claim is not actionable under § 2255.

The Government maintains even if the claim were actionable, it would fail on the

merits because Petitioner was properly sentenced. Petitioner initially received a three-point

reduction for acceptance of responsibility and a two-point safety valve reduction. The Court

denied the reductions after Petitioner lied to investigators. The Court articulated its reasons

for denying the reductions:

> Well, I think it is abundantly clear that the safety valve would not be appropriately applied under the current circumstances because it is also abundantly clear that Mr. Sosa is not cooperating completely in that he is not being truthful. I also think you would be hard pressed to get acceptance of responsibility under these circumstances. I don't know what has possessed Mr. Sosa this morning, but the changing of his story, the changing of information provided to law enforcement certainly provides no basis for confidence in anything that he has to say. And additionally, it certainly undercuts any potential utilization of Mr. Sosa as a witness or as a valuable cooperator.
>
> Now, that having been said, I will not apply the safety valve to Mr. Sosa, and subtract the three points that he received for acceptance of responsibility.

Gov't Ex. A, pp. 16-17.

Petitioner's claim is not cognizable on collateral review, as he chose not to pursue a

direct appeal. See Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976) ("[n]onconstitutional

claims that could have been raised on appeal, but were not, may not be asserted in collateral

proceedings."). A petitioner who waives the right to appeal "is not precluded from filing a

petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal." United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (internal citation and quotation marks omitted).

Moreover, Petitioner's claim fails on the merits. Petitioner contends the Court did not properly taken into account the argument he made at sentencing. Petitioner has not, however, submitted any competent proof in support of his claim. The Court properly considered the § 3553(a) factors and Petitioner's allocution prior to imposing the sentence. District courts are not required to provide lengthy explanations for the reasons behind a sentence. Rita v. United States, 551 U.S. 338, 356-57 (2007) ("[w]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a) -- that is, argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way -- or argues for departure, the judge normally need say no more."). Petitioner made no legitimate argument for a variant sentence. Even if Petitioner had made such an argument, it would have failed, as Petitioner was subject to a 120-month mandatory minimum. Consequently, Petitioner's first claim must fail.

b. Claim Two: The Effect of Petitioner's Status as Deportable Alien

Petitioner claims he is entitled to a downward departure because he is subject to harsher conditions than similarly-situated individuals who are not deportable. Benefits such

as early release, transfer to a minimum security prison, and a reduction in sentence upon completion of the 500 hour drug program are unavailable to him as a deportable alien. He requests that the Court make up for this disparity by reducing his offense level.

The Government argues the Court should dismiss this claim because it is not cognizable under § 2255. See Gomez v. United States, Nos. 3:07-CV-388, 3:06-CR-147, 2007 WL 3232535, at *3 (W.D.N.C. Oct. 31, 2007) ("Petitioner claims that he is being discriminated against as a 'non-citizen alien' because he is not eligible for Bureau of Prisons (BOP) early-release programs and other benefits that are available to American citizens. . . . Now that the BOP has allegedly denied him participation in and benefits of [certain programs], he asks the Court to judicially-mandate that he receive the benefits of successful participation in the form of a sentence reduction. . . . [T]he motion must be denied under . . . § 2255 because it relates to the execution of the sentence, and not its validity."). The Government further argues this claim is barred by Petitioner's failure to bring it on direct appeal and the appellate waiver provision in the Plea Agreement.

A § 2255 petition is not the proper procedural vehicle for a claim attacking the execution of a sentence. Moreover, this Court is not the proper venue for such a claim, as Petitioner is incarcerated in Pennsylvania. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (holding a claim attacking the execution of a sentence must be brought under 28 U.S.C. § 2241 in the district of confinement, not the sentencing court). Consequently, Petitioner's second claim must be dismissed.

## IV.    CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated more fully above, no law or evidence suggests Petitioner is entitled to further consideration of these claims. Thus, a certificate of appealability is denied.

## V.    CONCLUSION

Because Petitioner's first claim is not cognizable on collateral review and his second claim is not properly before this Court, the Court DISMISSES the Petition in its entirety without an evidentiary hearing and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __28th__ day of April 2011